UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSE ACEVEDO, individually, and as
Special Administrator of the Estate of
JOEL ACEVEDO,
        Plaintiff,

v.                                    Case No. 23-CV-489

OFFICER MICHAEL MATTIOLI, et. al,
        Defendants.

**DEFENDANT MICHAEL MATTIOLI'S BRIEF IN SUPPORT OF
MOTION TO STAY PROCEEDINGS**

Defendant Michael Mattioli (hereinafter, "Mattioli"), by attorneys, Michael F. Hart and Craig S. Powell, of HART POWELL, SC, submits the following brief in support of his motion to stay proceedings:

## INTRODUCTION

The interests of justice require a stay of these proceedings. Defendant Mattioli is currently facing criminal prosecution for the same acts that form the basis for Plaintiff's claims against him in this civil case. The trial in the criminal case is scheduled for November 6, 2023. A short stay of proceedings in this matter pending resolution of Mattioli's criminal case is necessary in the interests of justice in order to avoid unfair prejudice to Mattioli in the defense of both the pending criminal case and the above-captioned matter.

## BACKGROUND

Plaintiff filed the Complaint in this matter on April 14, 2023, alleging violations

**HART POWELL, SC**
ATTORNEYS AT LAW
735 NORTH WATER STREET
SUITE 1212
MILWAUKEE, WI 53202
(414) 271-9595

1

Case 2:23-cv-00489-BHL    Filed 05/30/23    Page 1 of 9    Document 11

Plaintiff's civil rights. (Dkt. #1). The Complaint names Mattioli as a Defendant in both his individual capacity and in his former capacity as an officer with the City of Milwaukee Police Department. (Id.) The Complaint also names as Defendant's Milwaukee Police Office Robert Roach and former Milwaukee Chief of Police Alfonso Morales. (Id.).

As a factual basis for the claim against Mattioli, Plaintiff alleges that on April 19, 2020, Mattioli placed Joel Acevedo in a chokehold for over 11 minutes, ultimately causing Acevedo's death. (Dkt. #1, pp 5-8, 12-13). Plaintiff also alleges that, although Mattioli was off-duty and in his own home during the interaction at issue, Mattioli was acting under color of law. (Id. at 8-10). Plaintiff's complaint further acknowledges that on May 13, 2020, Mattioli was criminally charged with First Degree Reckless Homicide related to this incident. (Id. at 8; Powell Decl., Exh. A). Mattioli's criminal trial is scheduled to commence on November 6, 2023 and is expected to take no longer than 1 week.

## ARGUMENT

### I. Applicable Legal Standard

The Court has the discretionary authority to stay a civil proceeding pending resolution of parallel criminal proceedings when the interests of justice require it. *Chagolla v. City of Chicago*, 529 F.Supp.2d 941, 945 (N.D. Ill., 2008) (*citing United States v. Kordel*, 397 U.S. 1, 12 (1970)). In deciding whether to grant a stay due to parallel criminal proceedings, the Court must balance the interests of the Plaintiff, Defendant, and the public. *Chagolla*, at 945. Though non-exclusive, six factors have been identified as proper considerations in conducting the necessary balancing: (1) whether the civil and criminal matters involve the same subject; (2) whether the governmental entity that has initiated the

**HART POWELL, SC**
ATTORNEYS AT LAW
735 NORTH WATER STREET
SUITE 1212
MILWAUKEE, WI 53202
(414) 271-9595

criminal case or investigation is also a party in the civil case; (3) the posture of the criminal proceeding; (4) the effect of granting or denying a stay on the public interest; (5) the interest of the civil-case plaintiff in proceeding expeditiously; and (6) the potential prejudice the plaintiff may suffer from a delay; and the burden that any particular aspect of the civil case may impose on defendants if a stay is denied. *Id.*

The "ultimate question" is "whether the court should exercise its discretion in order to avoid placing the defendants in the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights, or risking conviction in their criminal cases by waiving their Fifth Amendment rights and testifying in the civil proceedings." *Cruz v. Cnty. of DuPage*, No. 96 C 7170, 1997 WL 370194, at *1 (N.D. Ill. June 27, 1997).

## II. The Civil Proceedings Against Mattioli Must Be Stayed Pending Resolution of His Criminal Prosecution

A balancing of the six factors reveals that the interests of justice require a stay of the proceedings in this matter pending the conclusion of Mattioli's criminal case.

### A. The civil and criminal matters involve the same subject matter

The civil complaint alleges that Mattioli violated Joel Acevedo's civil rights by using unlawful force under color of law. Specifically, the civil complaint alleges that Mattioli placed Acevedo in a chokehold ultimately resulting in Acevedo's death. Mattioli has been criminally charged with First Degree Reckless Homicide for the exact same alleged behavior. Accordingly, the subject matter of each case is the same. The close relationship between the civil and criminal matter weighs in favor of a stay. *Chagolla*, 529 F.Supp.2d at 946 (citing *Doe v. City of Chicago*, 360 F.Supp.2d 880, 881 (N.D. Ill. 2005)).

3

Case 2:23-cv-00489-BHL    Filed 05/30/23    Page 3 of 9    Document 11

HART POWELL, SC
ATTORNEYS AT LAW
735 NORTH WATER STREET
SUITE 1212
MILWAUKEE, WI 53202
(414) 271-9595

In fact, "[t]he strongest case for staying civil proceedings is when a party is indicted for a serious criminal offense involving the same matter." *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980).

### B. Whether the governmental entity that initiated the criminal proceeding or investigation is a party to the civil case

This factor is meant to address a concern that if the entity that that initiated the criminal case or investigation is also a party to the civil litigation it may use the civil discovery process to circumvent limitations on discovery in criminal proceedings. *Chagolla*, at 946. If the entity is not a party, this typically weighs against a stay. *Id.* Here, the Milwaukee County District Attorney's office, who initiated the criminal prosecution, is not a party to this civil suit. However, the concerns this factor is meant to address remain and weigh in favor of a stay.

In addition to Mattioli, the civil complaint names as defendants Milwaukee Police Officer Robert Roach and former Milwaukee Police Chief Alfonso Morales. Each are named in their individual and official capacities as members (or former member in the case of Morales) of the Milwaukee Police Department. Defendant Roach, along with other members of the Milwaukee Police Department, responded to the scene of the events underlying the civil and criminal matters and conducted the investigation. Roach will be a witness for the State in the criminal prosecution. The Milwaukee Police Department has a symbiotic investigative relationship with the Milwaukee County District Attorney's office in the criminal case against Mattioli (along with the hundreds if not thousands of criminal prosecutions brought by the Milwaukee County District Attorney on the basis of Milwaukee Police Department investigations on an annual basis).

**HART POWELL, SC**
ATTORNEYS AT LAW
735 NORTH WATER STREET
SUITE 1212
MILWAUKEE, WI 53202
(414) 271-9595

4

In addition, Plaintiff, and counsel for Plaintiff, have been in contact with the Milwaukee County District Attorney's office throughout the pending criminal proceeding. The Milwaukee District Attorney's office has a statutory and constitutional obligation to confer with Plaintiff about the criminal case. See, e.g., Wis. Stats. §§950.04(1v)(j), (l), (u), and (v); see also, Wis. Const. Article 1, §9m. It is also undoubtedly true that the Plaintiff's interests are aligned with the Milwaukee District Attorney's office in its criminal prosecution.

Moreover, the City of Milwaukee has a statutory duty to indemnify its employees from civil liability arising from actions taken within the scope of their employment. This indemnification extends to providing counsel for the employee to defend the action or payment of attorney's fees and costs for the employee to defend the action. See, Wis. Stats. §895.46(1)(a). The City of Milwaukee notified Mattioli that it would not provide counsel for him to defend against this civil matter and that it would be taking a position adverse to Mattioli in the civil litigation. The City of Milwaukee is, however, providing counsel for the other two defendants in this case.

Given the close investigative relationship between the Milwaukee Police Department and the Milwaukee County District Attorney, the alignment of interests between Plaintiff in this matter and the Milwaukee County District Attorney in the criminal matter, and the adverse interests in this matter between Mattioli and the City of Milwaukee, it is highly probable that information obtained through civil discovery that could benefit the State in its criminal case against Mattioli would be shared with the Milwaukee County District Attorney's office even though they are not a party to this civil action. Accordingly,

**HART POWELL, SC**
ATTORNEYS AT LAW
735 NORTH WATER STREET
SUITE 1212
MILWAUKEE, WI 53202
(414) 271-9595

this factor also weighs in favor of a stay.

### C. The posture of the criminal proceeding weighs in favor of a stay

The criminal case against Mattioli has been pending for 3 years. The trial is currently scheduled for November 6, 2023. There have been three (3) prior jury trial dates scheduled and adjourned, none of which were adjourned at Mattioli's request. The first trial date was scheduled for May 5, 2022. The trial could not proceed due to court congestion and the Court having to proceed on a different case with speedy trial implications. The next trial date was November 14, 2022. That trial date was adjourned at the State's request due to issue with a central witness for the State, the Milwaukee County Medical Examiner. The next trial date was June 5, 2023. That date was again adjourned on the State's motion, over Mattioli's objection, due to continuing problems with the medical examiner.

Mattioli has been prepared to try the case on three separate occasions to date. None of these delays are attributable to dilatory tactics or behavior by Mattioli. Given the number of adjournments at the State's request and the age of the case, it is highly likely that the criminal prosecution will resolve with the upcoming trial in November. Accordingly, this is not a situation where there is no end in sight to a pending criminal case such that the Plaintiff would be faced with the prospect of a lengthy, indefinite stay. Rather, it is highly probable that the requested stay would only be necessary for just over 5 months. This fact weighs in favor of a stay.

### D. A stay will have no negative effect on the public interest

The public has an interest in both the prompt disposition of civil litigation and in

**HART POWELL, SC**
ATTORNEYS AT LAW
735 NORTH WATER STREET
SUITE 1212
MILWAUKEE, WI 53202
(414) 271-9595

ensuring that the criminal process can proceed untainted by civil litigation. *Chagolla* at 946-47. As in *Chagolla*, the possibility that the orderly progress of the criminal case, which is based on the exact same incident as this civil case, will be hindered by issues that *could* arise from these civil proceedings is significant enough to be worthy of consideration. *Id.* And again, with what his expected to be a stay of relatively short duration, the public's interest in prompt disposition of civil litigation would only be marginally impacted. This factor does not weigh against a stay.

    **E. The Plaintiff's interest in proceeding expeditiously**

The Plaintiff quite clearly has a significant interest in moving the case forward. However, as noted above, the anticipated length of the requested stay will be relatively short. This is not a situation where "the delay may be substantial given the breadth of the ongoing criminal investigations." *Chagolla* at 947. So while this factor will always weigh against a stay, given the short duration of the stay it weighs only marginally against the grant of a stay.

    **F. The potential prejudice the plaintiff may suffer from a delay; and the burden that any particular aspect of the civil case may impose on defendants if a stay is denied.**

The Plaintiff will not be prejudiced by the grant of a stay. There is no indication that the Plaintiff will lose access to witnesses or evidence if the stay is granted, given the relatively short nature of the stay as anticipated. Further, the delay may actually work to the benefit of Plaintiff. An adverse outcome for Mattioli in the criminal trial may have the effect of expediting the outcome of this civil case, which is based on the exact same incident.

  As for Mattioli, being forced to respond to a complaint and discovery will put him

**HART POWELL, SC**
ATTORNEYS AT LAW
735 NORTH WATER STREET
SUITE 1212
MILWAUKEE, WI 53202
(414) 271-9595

7

to "the choice of whether to claim or waive the privilege against self-incrimination." *Chagolla*, at 947. Invoking the privilege, as nearly every civil defendant facing a pending criminal prosecution would do, runs the risk that the Plaintiff will use the invocation to establish Mattioli's liability. As the court in *Chagolla* noted, though the law allows this it is not always fair: "In the Court's experience, it is not all rare for a person faced with criminal charges or a pending investigation to invoke the privilege even though he may have done nothing wrong, out of an abundance of caution prompted by a careful criminal defense lawyer." *Id.* The court continued: "A civil defendant in this situation who is effectively backed into a corner in which he has no viable choice but to claim the privilege is forced to face a significant risk of unfair prejudice that may be virtually impossible to remedy. This is, in the Court's view, a factor weighing in favor of a stay." *Id.* With Mattioli facing that exact position here, this factor also weighs in favor of a stay.

### III. The Deadline for Mattioli to File an Answer Should Be Extended to 20 Days After the Stay is Lifted, or 20 Days After the Court Enters an Order Denying the Requested Stay

In responding to the Complaint, Mattioli must admit or deny the allegations asserted against him by the Plaintiff, including factual allegations. See Fed. R. Civ. Pro. 8(b). This implicates Mattioli's Fifth Amendment rights. Accordingly, given the same considerations outlined above, including negative inference that can be applied to Mattioli's invocation of his Fifth Amendment right in responsive pleadings, Mattioli is requesting that a stay issued by the Court also stays the time for Mattioli to file an Answer or other responsive pleading.

Should the Court deny this motion for stay, Mattioli requests that the Court set the time for Mattioli to file an Answer or responsive pleading pursuant to Rule 12(a) to 21 days after the Court's Order denying the stay.

HART POWELL, SC
ATTORNEYS AT LAW
735 NORTH WATER STREET
SUITE 1212
MILWAUKEE, WI 53202
(414) 271-9595

## CONCLUSION

WHEREFORE, Mattioli respectfully requests that the Court stay further proceedings in this matter, including the filing of an Answer or responsive pleading, until the resolution of Mattioli's related, pending criminal case.

Dated at Milwaukee, Wisconsin this 26th day of May, 2023

Respectfully submitted,

By: /s/ Craig S. Powell
Craig S. Powell
HART POWELL, SC
735 North Water Street, Suite 1212
Milwaukee, WI 53202
(414) 271-9595
(414) 271-3701 [Facsimile]
cspowell@hartpowell.com

**HART POWELL, SC**
ATTORNEYS AT LAW
735 NORTH WATER STREET
SUITE 1212
MILWAUKEE, WI 53202
(414) 271-9595