|  | **MILWAUKEE POLICE DEPARTMENT** |
| --- | --- |
| | **STANDARD OPERATING PROCEDURE** |
| | 220 – ARREST AUTHORITY |
| **GENERAL ORDER:** 2017-15<br>**ISSUED:** April 24, 2017 | **EFFECTIVE:** April 24, 2017 | **REVIEWED/APPROVED BY:**<br>Assistant Chief Carianne Yerkes<br>**DATE:** February 23, 2017 |
| **ACTION:** Amends General Order 2015-31 (June 29, 2015) | | **WILEAG STANDARD(S):** 1.6.1, 1.7.2, 1.7.4, 1.7.5, 1.7.6 |

### 220.00  PURPOSE

The purpose of this standard operating procedure (SOP) is to define the authority to make arrests as defined in Wis. Stat. § 968.07 and provide guidelines for effecting arrests, both with and without a warrant. These guidelines ensure that rights and privileges are afforded to citizens during arrest situations. Furthermore, this SOP identifies the authority of the sworn officers to use alternatives to arrest.

### 220.05  POLICY

It is the policy of the Milwaukee Police Department that all arrests made by members both on or off duty shall be conducted professionally and in accordance with established legal principles.

### 220.10  DEFINITIONS

A. ARREST

Taking or detaining of a person by word or action into custody so as to subject their liberty to the actual control and will of the person making the arrest. There must exist the intent to take into custody and a corresponding understanding of the person arrested that he or she is in "custody", although no formal declaration of arrest is required.

B. ARREST WARRANT

A written order issued by a judge, magistrate or other proper authority that commands a law enforcement officer to place a person under arrest.

C. PROBABLE CAUSE

That quantum of evidence which would lead a reasonable police officer to believe that the defendant committed a crime. It is more than a hunch or suspicion, but less than the evidence required to convict at trial.

D. CRIME

Defined by Wis. Stat. § 939.12 as conduct which is prohibited by state law and

ACEVEDO, J. - 001932

punishable by fine or imprisonment or both.

E. LAW ENFORCEMENT OFFICER

A person employed by the city of Milwaukee who is responsible for detecting and preventing crime and enforcing laws or ordinances and who is authorized to make arrests for violations of the laws or ordinances they are employed to enforce Wis. Stat. § 165.85(2)(c).

F. ON-DUTY

Those hours the law enforcement officer is regularly scheduled to work as part of his/her normal hours of work, including authorized overtime hours.

G. PERSONALLY INVOLVED

A situation where the off-duty member, a family member, or friend becomes engaged in a dispute or incident involving a personal matter with the person to be arrested or any other person connected with the incident. This does not apply to situations where the off-duty member is a victim of a crime.

H. POLICE ACTION

For purposes of this policy, is lawful action which a member takes including, but not limited to, investigation, arrest, attempted arrest, use of force, rendering aid, and assistance.

I. DISCRETION

The ability to apply reason, based on intelligent, non-biased decisions, guided by professional values, to include the Code of Conduct, department policy and situational variables. This does not apply to offenses and violations in which the suspect, by law, must be arrested. The use of discretion includes the use of alternatives to arrest.

## 220.15 ON-DUTY ARRESTS AND PROCEDURE (WILEAG 1.6.1, 1.7.4)

A. PROCEDURES FOR ARRESTS

1. In order for an arrest to occur, an officer must have the intent to take a person into custody and the person should have an understanding that he/she is arrested and is in custody. When making an arrest, an officer shall:

    a. Identify him/herself as a police officer. (If it is apparent by the wearing of a uniform or other means that the person making the arrest is a police officer, no further identification is necessary.)

    b. Restrict the arrested subject's movement using only the amount of reasonable force necessary to overcome their resistance.

    c. When an arrested person is taken into physical custody, the arresting officer shall be responsible for completing the required reports.
(WILEAG 1.7.4.4)

    **Note: Although officers may inform the subject that they are under arrest no formal declaration of arrest is required.**

2. Arrests with a warrant

    a. Under Wisconsin law, there are four situations in which a law enforcement officer is statutorily authorized to make an arrest:

        1. With a warrant commanding arrest of the person.

        2. With belief on reasonable grounds that a warrant for the person's arrest has been issued in this state.

        3. With belief on reasonable grounds that a felony warrant has been issued for the person's arrest in another state (a Wisconsin law enforcement officer shall not arrest on a misdemeanor warrant issued from another state).

        4. With belief on reasonable grounds that the person is committing or has committed a crime.

            **Note: The "reasonable grounds" specified in the statute is the same as "probable cause."**

3. Arrests without a warrant

    a. An officer may make an arrest without a warrant if the officer has probable cause to believe a person is committing or has committed a crime.

    b. An officer may enter a person's home to arrest a person without a warrant, when given permission by a person of "legal standing" or probable cause plus "exigent circumstances" must exist (exigent circumstances do not include minor traffic offenses. *Welsh v. Wisconsin*). Exigent circumstances include:

        1. The immediate threat of escape;

        2. The immediate threat of destruction of evidence;

        3. The immediate threat of death or great bodily harm to the officer or another;

        4. When in pursuit of a fleeing subject for whom the police have probable cause to believe has committed a jailable offense, an officer may enter a home without a warrant if he/she has probable cause to believe the subject is in the home. This hot pursuit exception is limited to a jailable offense situation and to a chase scenario.

Officers shall use discretion when employing this tactic as it may not always be the best practice, or the safest choice, to chase a fleeing subject into a home for a minor misdemeanor even though the entry would be lawful.

**Note: If exigent circumstances do not exist, it is necessary to obtain an arrest warrant or consent to enter the premises from someone authorized to give consent to make an arrest of a person in his/her own residence.**
(WILEAG 1.7.4.1, 1.7.4.2)

B. Members may conduct official investigations and make arrests within Milwaukee County.

1. Members may arrest a subject whom the member has observed committing a crime.

2. Members may arrest a subject on probable cause when the member has not witnessed the commission of the crime.

3. Members may arrest any person within Milwaukee County for whom a federal state or municipal warrant has been issued.
(WILEAG 1.6.1.3)

C. Members outside Milwaukee County may arrest a person or provide aid or assistance anywhere in the state if:

1. The member is on-duty and on official business.

2. The member is taking action the member would be authorized to take under the same circumstances in Milwaukee County.

3. The member is responding to any of the following:

   a. An emergency situation that poses a significant threat to life or bodily harm.

   b. Acts the member believes, on reasonable grounds, constitute a felony.

D. Members in fresh pursuit may follow and arrest a person in another jurisdiction outside of Milwaukee County but within the state of Wisconsin for the violation of any law or ordinance the member is authorized to enforce.

## 220.20 DISCRETION (WILEAG 1.7.6)

Members are authorized to use discretion in their decision to arrest or not arrest.

A. Members should use professional judgment by taking the following factors into consideration when deciding whether to arrest or not arrest a citizen.

1. The seriousness and nature of the offense.

ACEVEDO, J. - 001935

    2. The potential that arrest will effectively resolve a conflict.

    3. The availability of legal alternatives to arrest that would adequately resolve the conflict.

    4. The likelihood that the citizen will be deterred from future violations by warning and education.

    5. The member's belief that the citizen made an honest mistake in violation of the law.

B. Members shall not consider race, economic status, ethnicity, gender, or any other social status to determine the decision to arrest or not arrest.

## 220.25 ALTERNATIVES TO ARREST (WILEAG 1.7.5)

A. WARN AND ADVISE

    1. Members may advise by use of a verbal warning for matters related to city ordinance violations.

    2. Members shall advise by use of a traffic warning card (on TraCS) related to traffic violations.

    **Note: Members shall not issue verbal warnings for traffic violations. Members may mail the traffic warning form to the violator with the permission of their supervisor if their department vehicle is not equipped with a mobile data computer (MDC), the member is experiencing a software/hardware malfunction (e.g., printer problems or the MDC is not operational), or in exigent circumstances (e.g., the member is preempted for a call for service).**

B. The use of citations in lieu of arrest for misdemeanor violations, when appropriate and when an arrest is not mandated by law.

C. Order in to the district attorney's office for review of the matter.

## 220.30 OFF-DUTY ARRESTS AND AID

A. ARREST AUTHORITY

An off-duty member may arrest or provide aid or assistance anywhere within the state of Wisconsin if:

1. The member is responding to an emergency situation that poses a significant threat to life or bodily harm.

2. The member is taking action that the member would be authorized to take under the same circumstances in Milwaukee County while on-duty.

B. ARREST LIMITATIONS

1. The member's actions must be objectively reasonable. All aspects of the situation, including the member's abilities, training, experience, availability of equipment, communications, as well as a tactical risk assessment, shall be taken into consideration prior to deciding to act. The opportunity and/or means to have on-duty officers safely respond prior to acting must be weighed. When practicable, the member should contact the law enforcement jurisdiction in lieu of, or prior to, intervening. In some instances, it may be more beneficial to be a good witness rather than attempt to physically intervene.

2. Members are discouraged from taking police action when the member has consumed alcohol or any other substance which could impair rational action or conduct.

3. The member shall not be personally involved in the incident underlying the arrest.

4. The member shall not be engaged in off-duty employment where the member's actions are in furtherance of the interests of the private employer.

5. If the member is unarmed, at minimum, the member shall possess a department issued identification card. If the member is armed with his or her duty weapon or other approved handgun, the member must possess both badge and identification card. The member shall display these identifiers as soon as practicable.

6. The member shall abide by federal and state laws, as well as department standard operating procedures.

C. RESPONSE TO ON-DUTY PERSONNEL

1. On-duty personnel have primary authority at any scene.

2. The off-duty member shall immediately identify him or herself as an off-duty officer and comply with all the commands of the on-duty personnel.

   **Note: There have been a number of documented incidents of off-duty officers killed by on-duty officers who were unaware the individual was an off-duty officer.**

3. The member shall be cooperative, provide all requested information to on duty personnel and remain on scene until released by on-duty personnel.

## 220.35 LIABILITY PROTECTION (WILEAG 1.6.1)

For purposes of civil and criminal liability, any member, whether on-duty or off-duty, acting under Wis. Stat. § 175.40(2),(5), (6) and (6m), is considered to be acting in an official capacity. This protection does not extend to willful acts intended to cause injury to persons or damage to property, or to those actions that the member knew, or reasonably should have known, were in conflict with the law or established policies of the department.

The authority granted under Wis. Stat. § 175.40(5), 175.40(6) and 175.40(6m) is in addition to any other arrest authority, including authority granted under any charter.
(WILEAG 1.6.1.2, 1.6.1.3)

## 220.40 INFORMING THE ARRESTEE (WILEAG 1.7.2, 1.7.4)

Upon making an arrest, either on or off-duty, the arresting officer shall inform the arrestee as soon as practicable of the nature of the offense or warrant for which they are being arrested. For safety reasons, the member may initially mislead the arrestee as to the nature of the offense or warrant. Officers not in uniform shall display their badge and identification card.

A. Arrestees shall be advised of their Miranda rights before an interrogation.

B. Arrestees must waive the Miranda rights before an interrogation can begin.

   1. The waiver must be clearly stated to interrogating members.

   2. If the arrestee does not waive *Miranda,* no questioning shall be conducted beyond that necessary to accomplish booking procedures.

   3. If the arrestee initially waives the *Miranda* right to counsel but later decides to reassert it, questioning must cease immediately regarding the crime for which the arrest was made, for any other crime, or by any other law enforcement agency unless:

      a. An attorney representing the arrestee is present during questioning.

      b. The arrestee voluntarily initiates a further interview, or

      c. The arrestee has been subject to a break in custody of 14 days or more.
         (WILEAG 1.7.4.3)

## 220.45 DEPARTMENTAL NOTIFICATIONS

   A. As soon as practicable, any member taking on-duty police action outside of the city of Milwaukee under Wis. Stat. § 175.40(6) shall notify their shift commander of the details and facts of the action.

   B. As soon as practicable, any member taking police action under Wis. Stat. § 175.40(6m), whether inside or outside the city of Milwaukee, shall notify their shift commander of the details and facts of the action. If the off-duty action occurred within the city of Milwaukee, a supervisor shall respond to the scene.

## 220.50 PRISONER PICKUP IN ADJACENT COUNTIES

When the department is notified that authorities in adjacent counties are holding a person on a municipal or state warrant, which the department has entered into the National Crime Information Center (NCIC) system, the respective Geographic Investigations Division

commander shall notify the Technical Communications Division to arrange for the conveyance and processing of that person. The conveyance shall be made utilizing a vehicle equipped with a security shield.

## 220.55  NOTIFICATIONS TO OUTSIDE JURISDICTIONS

Members conducting investigations that require contact with persons in other jurisdictions shall, absent articulable exigent circumstances, notify that law enforcement agency of the nature, purpose, and location of the investigation prior to conducting said investigation. In all instances, notifications of investigations conducted, arrests or other actions made, both on and off-duty, shall be made to the law enforcement agency of the jurisdiction in which the activity occurred as soon as practical. Notification information should include:

1. The nature of the offense which precipitated the investigation, arrest or action.

2. The identity of any person(s) arrested.

3. The identity of all department members involved in the actual investigation, arrest or action if requested.

4. Any factual data pertinent to the incident which would be significant information to the jurisdictional agency, such as any injuries to any persons or damage to any property as a result of activities related to the arrest.

5. Any requests for resources or coordinated activity essential to conduct the investigation or arrest.

## 220.60  NOTIFICATION TO OTHER FACILITIES

Members conducting investigations in facilities such as hospitals, schools, or any facility with private security on the premises shall, whenever possible notify the security department of the investigation prior to conducting said investigation. In all instances, notifications of investigations conducted, arrests or other actions made, both on and off-duty, shall be made to the security department of the facility as soon as practical.

## 220.65  CONCURRENT JURISDICTION (WILEAG 1.6.1)

A. Various county, state, and federal law enforcement agencies other than the Milwaukee Police Department have the authority to exercise police powers within the city limits. These agencies include, but are not limited to, the:

   1. Milwaukee County Sheriff's Department

   2. University of Wisconsin-Milwaukee Police Department

   3. Marquette University Police Department

   4. Wisconsin State Patrol

   5. Wisconsin Department of Justice - Division of Criminal Investigation

   6. Various federal law enforcement agencies

B. The Milwaukee County Sheriff's Department has primary jurisdiction to conduct investigations on I-94, I-43, I-894, US 45, and Wisconsin State Trunk Highway 341 to include all on and off ramps.

C. The Milwaukee County Sheriff's Department has primary jurisdiction to investigate incidents on Milwaukee County property located within the city limits. The Milwaukee Police Department also has concurrent jurisdiction to patrol and investigate incidents that occur on county property located within the city limits.

D. The University of Wisconsin-Milwaukee Police Department and the Marquette University Police Department are the primary agencies to investigate incidents on the grounds of their respective universities located within the city limits. The Milwaukee Police Department also has concurrent jurisdiction to patrol and investigate on the grounds of these respective universities within the city limits.
(WILEAG 1.6.1.3)

*[signature: Edward A. Flynn]*

EDWARD A. FLYNN
CHIEF OF POLICE

EAF:mfk