JOSE ACEVEDO, Individually, and as
Special Administrator of the ESTATE OF JOEL ACEVEDO,

        Plaintiffs,

v.                                              CASE NO. 23cv00489

MICHAEL MATTIOLI, and
CITY OF MILWAUKEE

        Defendants.

### DEFENDANT MICHAEL MATTIOLI'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXPERTS DR. JIMMIE L. VALENTINE AND DR. JEFFREY M. JENTZEN

Defendant, Michael Mattioli, by his attorneys, WIRTH + BAYNARD, opposes the Plaintiff's motion *in limine* to exclude defense experts Dr. Jimmie L. Valentine and Dr. Jeffrey M. Jentzen. Plaintiff's brief in support of its motion is incomplete in its presentation of the parties' communications and the motion in unsupported by any legal authority that would compel exclusion. For the reasons below, the court should deny.

### STATEMENT OF FACTS

The second amended scheduling order set a deadline of May 30, 2025, to complete all fact discovery. (ECF 49, ¶ 1). Six days after that deadline, Plaintiff deposed Griselda Aldrete, former President of the City of Milwaukee Police and Fire Commission. (Baynard Decl., ¶ 2, Exh. B, p. 9). That cooperative agreement to pursue meaningful and productive discovery was agreed upon between the parties. Plaintiff never sought leave of court to depose Ms. Aldrete, but the deposition was permitted to occur outside of the deadline as the parties have worked in the past with professional courtesy. (Baynard Decl., ¶¶ 3-4).

On June 13, 2025, Defendant timely disclosed his list of Expert Witnesses. (ECF 49, ¶ 2; ECF 67-1; Baynard Decl., ¶ 5, Exh. B, p. 9). Defendant's expert disclosures identified Dr. Jimmie

L. Valentine and Jeffrey M. Jentzen, M.S., Ph.D. as expert witnesses for trial. (ECF 67, p. 3; Baynard Decl., ¶ 5, Exh. B, p. 9).

Long before the Defendants' witness disclosure, the Plaintiffs received documents from the Milwaukee County District Attorney's office pursuant to subpoena on July 24, 2024. (ECF 67-7). That production included the March 21, 2022, submission by Defendant's criminal attorney to the Assistant District Attorney that included the expert reports of Drs. Valentine and Jentzen, as well as the experts' respective CV's tendered on April 1, 2022, during the criminal discovery process. (Baynard Decl., ¶¶ 17-18, Exhs. D & E). At a minimum therefore, Plaintiffs presumably received the experts' reports and CV's from the DA's office on July 24, 2024, almost a year prior to Defendant's expert disclosure. (ECF 67-7). It was Plaintiff who first tendered those reports *to the Defendant* during discovery on February 20, 2025. (*Id.*)

Defense counsel was under the belief that Dr. Valentine's and Dr. Jentzen's respective reports had been produced to Plaintiff with the expert disclosures. (ECF 67-4; Baynard Decl., ¶ 6). Nonetheless, the Defendant's expert disclosures informed Plaintiff that Dr. Valentine would testify about pathology, toxicology, urinalysis, the pharmacological and behavioral effects of alcohol and cocaine use, and the cause of death of Joel Acevedo. (Baynard Decl., ¶ 5, Exh. B, p. 9). In their motion, Plaintiffs complain that Defendant's witness disclosure does not identify civil discovery that may have been reviewed by the experts, but they do not identify how any civil discovery would be relevant to or affect Dr. Valentine's opinions. (ECF 67, p. 11). Similarly, the Defendant's expert disclosures informed Plaintiff that Dr. Jentzen would testify about pathology and the cause of death of Joel Acevedo. (Baynard Decl., ¶ 5, Exh. B, p. 9).

Having already received copies of the experts' reports in 2024, Plaintiff never notified Defendant that Dr. Valentine's and Dr. Jentzen's reports had been inadvertently omitted from Defendant's formal expert disclosures. (ECF 67-2, 67-3). Instead, Plaintiff claimed - 16 days after service of the disclosures - that they were "deficient." Plaintiffs argue that, "As a result of both

2

Mattioli and the City's deficient expert disclosures" and 32 days after service, that Defendant "failed" to comply with Fed. R. Civ. P. 26(a)(2)(b):

> in this case is to provide opinion testimony. As such, both experts were required to comply with the disclosure requirements provided in Fed.R.Civ.P. 26(a)(2)(b) but have failed to do so.

(*Id*.) Plaintiffs never identified how they asserted the expert disclosures to be deficient or in what manner they thought Defendants had not complied with Rule 26 requirements. (*Id*.) At no point prior to filing this motion *in limine* on August 22, 2025, did Plaintiffs contact Defendant to notify him of the deficiencies Plaintiffs now allege in their motion. (ECF 67, p. 7-8, 13-14).

By July 16, 2025, Defendant realized that Dr. Valentine's and Dr. Jentzen's reports had been mistakenly omitted from the formal expert disclosures. (ECF 67-4; Baynard Decl., ¶ 7). Accordingly, Defendant emailed the reports to Plaintiff along with Dr. Jentzen's CV, Dr. Valentine's CV, and Dr. Valentine's fee schedule. (ECF 67-4; Baynard Decl., ¶ 8). Defendant apologized to Plaintiffs for the confusion and offered an informal extension to allow Plaintiffs to depose Dr. Valentine and Dr. Jentzen if they desired. (ECF 67-4; Baynard Decl., ¶ 9).

Rather than extending to Defendant the same professional courtesy that they had expected when deposing the representative of the Police and Fire Commission. Instead, Plaintiffs counsel replied to Defendant's email attaching the reports, "You will need to seek leave of court to serve late expert disclosures. Plaintiff will not concur in your motion." (ECF 67-6).

On July 17, 2025, Defendant responded to Plaintiffs' email, noting that the defense expert disclosure was timely but incomplete only insofar as it didn't attach the reports they already possessed. Under the circumstances of this case, Plaintiffs' counsel had also heard both experts testify to their opinions during the criminal trial in November of 2023. (ECF 67-7; Baynard Decl., ¶ 10). On information and belief, Plaintiff's counsel B'Ivory LaMarr represented the Acevedo family at the time of the criminal trial, attended the trial, and heard Dr. Jentzen and Dr. Valentine testimony as to their opinions. (Baynard Decl., ¶ 11). Defense counsel then inquired whether, given the receipt of the reports in 2024, following the trial testimony in 2023, Plaintiffs still objected to

3

the defense disclosure as "untimely." (ECF 67-7). Plaintiffs' counsel reaffirmed that he still objected, but did not dispute that his co-counsel attended the criminal trial and heard Dr. Valentine testify. (ECF 67-8). Defendant assured Plaintiffs' counsel that he would not oppose a commensurate extension for Plaintiffs to identify rebuttal experts, but has Plaintiffs haveneither proposed nor identified such a disclosure. (Baynard Decl., ¶ 16).

Defendant emailed his amended formal expert disclosures to Plaintiff on July 18, 2025, attaching as a matter of procedure, redundant copies of the experts' reports. (ECF 67-9, 67-10; Baynard Decl., ¶¶ 12-13, Exh. C). That disclosure is complicated only by Dr. Jentzen's failure to update his fee schedule. Baynard Decl., ¶ 14). It will be provided to Plaintiffs upon receipt. (*Id.*)

On August 22, 2025, Plaintiffs' filed their "motion *in limine*" three weeks after their August 1, 2025, motion for partial summary judgment. (ECF 67; ECF 55). While the Defendant continues to be willing to produce the experts for deposition, Plaintiffs have never requested or noticed either the deposition of Dr. Valentine or Dr. Jentzen. (Baynard Decl., ¶ 15).

## ARGUMENT

The purpose of Federal Rule of Civil Procedure 26(a)(2) is to provide notice to opposing counsel of what an expert will testify to before the deposition takes place. *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008). The disclosure requirements prevent counsel from being forced to depose an expert without an understanding of what the expert will testify to, and are designed "to prevent the tactic of surprise from affecting the outcome of the case." *Nordock Inc. v. Systems*, No. 11-C-118, 2012 U.S. Dist. LEXIS 144443, at *25-26 (E.D. Wis. Oct. 5, 2012) (*quoting Ciomber*, 527 F.3d at 643). The Committee Notes to the 1993 amendments explain that "[t]his paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Id*. at *26 (*quoting* Fed. R. Civ. P. 26, Advisory Committee Note 1993 Amendments ¶ 2).

When Rule 26 has not been fully complied with, the court focuses on determining an appropriate remedy. *Id*. at *27. Exclusion of evidence or of a witness under Fed. R. Civ. P. 37(c)(1) is not an appropriate remedy if the failure to comply is substantially justified or harmless. *Ciomber*, 527 F.3d at 641. "This Court has broad discretion in evaluating whether a Rule 26(a) violation is either substantially justified or harmless." *Nordock Inc.*, 2012 U.S. Dist. LEXIS 144443, at *27 (*citing David v. Caterpillar, Inc*., 324 F.3d 851, 857 (7th Cir. 2003)). In exercising that discretion, the court examines four factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David*, 324 F.3d at 857 (citations omitted).

The Seventh Circuit held that the district court did not abuse its discretion in determining that an opposing party was not prejudiced, therefore permitting the testimony of a witness where the opposing party knew of the potential witness for eighteen months, did not seek a continuance to obtain additional information to rebut the witness's testimony, and was able to directly rebut the witness's testimony at trial. *David*, 324 F.3d at 857-858.

Similarly, the District Court for the Eastern District of Wisconsin held that failure to produce documents at an earlier time was harmless because the opposing party did not identify any particular harm or prejudice other than not "fully" cross-examining a witness, the issue was raised well in advance of trial, and there was no indication that the offending party acted in bad faith. *Nordock Inc.*, 2012 U.S. Dist. LEXIS 144443, at *28.

Here, Defendant acted in good faith but the incomplete, not late, expert disclosure was inadvertent, not willful. Defendant realized on July 16, 2025, that Dr. Valentine's and Dr. Jentzen's reports had been mistakenly omitted from the expert disclosures and immediately sent those reports to Plaintiffs to rectify any delay, along with an apology for the confusion and an offer of additional time to depose the experts. (ECF 67-4; Baynard Decl., ¶¶ 7-9).

More importantly, Plaintiff was not prejudiced by the short delay in production of Dr. Valentine's and Dr. Jentzen's reports. The doctors' reports and CVs were provided to the Assistant District Attorney on March 21, 2022, and April 1, 2022, as part of the criminal discovery process. (Baynard Decl., ¶¶ 17-18, Exhs. D & E). Plaintiffs received Dr. Valentine's and Dr. Jentzen's reports and CVs on July 24, 2024, when the District Attorney's office produced documents to Plaintiffs in response to the subpoena. (ECF 67-7). Indeed, it was <u>Plaintiffs who provided those materials to Defendant,</u> on February 20, 2025. (*Id.*)

Plaintiffs' counsel B'Ivory LaMarr represented the Acevedo family during the criminal trial, attended the trial, and presumably heard Dr. Jentzen and Dr. Valentine testify in November 2023. (Baynard Decl., ¶ 11; *see also* ECF 67-7). Plaintiffs were, therefore, aware of Dr. Jentzen's and Dr. Valentine's opinions even before Defendant, 19 months before Defendant's timely albeit incomplete expert disclosure and 18 months before the reports were re-served on Plaintiff.

Plaintiffs disingenuously suggest "prejudice" based solely on "the expiration of the deadline to serve rebuttal expert disclosures, expiration of the deadline to conduct expert depositions, the impact on settlement negotiations, and the fact that it was by then on the eve of the dispositive motions deadline[.]" (ECF 67, p. 9). But Plaintiffs already had the experts' reports, CVs, and disclosures. Moreover, Plaintiffs have, of course, already taken advantage of collegial extensions on the discovery deadline: they deposed a fact witness without leave of court after the discovery deadline expired. (Baynard Decl., ¶¶ 2-4, Exh. A).

Defendant offered to cure any potential harm to Plaintiffs by allowing them to depose Dr. Jentzen and Dr. Valentine outside the deadline, (ECF 67-4), just as Plaintiffs had deposed a fact witness beyond the deadline. With seven months to go until trial, (ECF 49 & 67-4), Plaintiffs have ample opportunity to depose Drs. Jentzen and Valentine and to identify rebuttal experts. Instead, Plaintiffs have sought to portray themselves as defenseless against the expert opinions about which they have been aware for more than two years. (ECF 67-6 & 67-8).

The facts of this case are in line with *David,* 324 F.3d at 857-858, and *Nordock, Inc*., 2012 U.S. Dist. LEXIS 144443, at *28, in which the Seventh Circuit and this District permitted testimony: Plaintiff knew of the expert reports witness for eighteen months, did not seek to depose experts or seek a continuance to obtain additional information to rebut the witness's testimony, did not identify any colorable harm, the issue was raised well in advance of trial, and Defendant did not act in bad faith.

Plaintiffs cannot claim that they were prejudiced by Defendant's oversight; "this [is] clearly a no harm, no foul situation." *Isby v. Clark*, 100 F.3d 502, 504 (7th Cir.1996) (finding no abuse of discretion in the district court's not imposing a default judgment against defendants who failed to file a new answer after the plaintiff amended his complaint).

The failure to attach the expert reports to Defendant's Expert Witness Disclosures, the absence of any bad faith or gross neglect by Defendant, the fact that Plaintiffs had those reports through other avenues, and the absence of any prejudice to Plaintiffs, all demonstrate good cause for denying Plaintiff's motion *in limine* to exclude Drs. Valentine and Jentzen.

Dated at Wauwatosa, Wisconsin, this 5th day of September 2025.

**WIRTH + BAYNARD**
Attorneys for Defendant, Michael Mattioli

*/s/ Jasmyne M. Baynard*
Jasmyne M. Baynard, WI Bar No. 1099898
9898 W. Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T: (414) 291-7979
Email: jmb@wbattys.com