UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

JOSE ACEVEDO, individually, and as Special
Administrator of the Estate of JOEL ACEVEDO,

                Plaintiffs,

v.                                                  Case No. 23-C-00489

MICHAEL A. MATTIOLI and
CITY OF MILWAUKEE,

                Defendants.
_____

## CITY OF MILWAUKEE'S BRIEF IN RESPONSE TO MATTIOLI'S MOTION FOR SUMMARY JUDGMENT
_____

## PROCEDURAL HISTORY

Plaintiff Jose Acevedo has brought claims individually and as special administrator of the Estate of Joel Acevedo arising from an incident which resulted in Joel Acevedo's ("Acevedo") death. (ECF Nos. 23). Plaintiff's remaining claims are against the Defendant City of Milwaukee (the "City") and Defendant Michael Mattioli ("Mattioli") only. (ECF No. 50). He has moved for partial summary judgment that Mattioli, who was employed as a Milwaukee police officer at the time of this incident, acted under color of law and within the scope of his employment. (ECF No. 55). The City previously filed a crossclaim seeking declaratory judgment that Mattioli did not act under color of law or within the scope of his employment, *see* ECF No. 28, and Mattioli filed an answer and crossclaim seeking indemnification and reimbursement for the costs of his defense in this suit. (ECF No. 35).

Mattioli has filed a motion for summary judgment, *see* ECF No. 51, proposed findings of fact in support, *see* ECF No. 70, and a brief in support arguing that Mattioli is entitled to summary

1

judgment because the force Mattioli used was objectively reasonable under the circumstances, or (in the alternative) it was not clearly established in April 2020 that controlling Acevedo with his body weight was unreasonable or excessive force. *See* ECF No. 52 (Def. Michael Mattioli's Mem. in Supp. Summ. J.), 6-14. Mattioli additionally argues that the Court should grant summary judgment in his favor on Plaintiff's state law claims and/or relinquish supplemental jurisdiction. *Id*.

The City submits the following brief in response[1] pursuant to Civil L. R. 56(b)(2) and incorporates by reference its prior motion, *see* ECF No. 59, and all materials filed in support thereof, including without limitation its proposed jury instructions (ECF No. 58), proposed findings of fact (ECF No. 60), brief in support (ECF No. 64), and all other materials filed in support—as well as the arguments and cases cited in their brief in opposition to Plaintiff's motion for partial summary judgment. (ECF No. 75).

**ARGUMENT**

The City's prior briefs, *see* ECF Nos. 64 and 75, set forth reasons why this Court should deny the Plaintiffs' motion for partial summary judgment and grant summary judgment for the Defendants on Plaintiff's claims under 42 U.S.C. § 1983 because the record as a whole does not plausibly support a finding that Mattioli invoked official authority during the incident or that his conduct was "facilitated or enabled" by his state authority. *DiDonato v. Panatera*, 24 F.4th 1156, 1161 (7th Cir. 2022) (citation omitted). Mattioli argues that the Court should enter summary judgment in his favor whether or not he acted under color of state law because if he did, then his conduct was objectively reasonable under the circumstances—or (at least) not so flagrantly

---

[1] Consistent with the Local Rules, the City responds only to the extent it opposes Mattioli's motion for summary judgment and/or the arguments advanced in support thereof in his brief. *See* Civil L. R. 56(b)(2) ("Opposing Party's ***Materials in Opposition***") (emphasis added).

unconstitutional as to defeat qualified immunity. *See* ECF No. 52 (Def. Michael Mattioli's Mem. in Supp. Summ. J.), 6-14.

The City does not dispute that Mattioli perceived Acevedo to be a physical threat, *see* ECF No. 70, ¶ 21; that Acevedo was "bigger and stockier" than Mattioli, *see id.*, ¶ 22, that Acevedo was the first aggressor, *see id.*, ¶ 68, or that Mattioli called 911 because "he needed help and wanted the Milwaukee Police Department to arrest Acevedo." *Id.*, ¶ 38. The City likewise does not dispute that "Mattioli acted in self-defense, and his only intent was to restrain Acevedo until help came to prevent further injury to himself and others" *Id.*, ¶ 67. Instead, the City responds to emphasize two points: (1) "an official must not only have state authority—he must also purport to use it[,]" *Lindke v. Freed*, 601 U.S. 187, 201 (2024) (citation omitted); and (2) "the [Court's] analysis [needs] to account for the context in which" the incident occurred, i.e., a private dispute inside Mattioli's own home. *DiDonato*, 24 F.4th at 1159.

Courts in this circuit have long-recognized that one's "mere status as a policeman" does not render all of his or her acts under color of state law, *see Gibson v. Chicago,* 910 F.2d 1510, 1516 (7th Cir. 1990), and that an officer's personal pursuits are "plainly excluded" from the sweep of § 1983. *Coles v. City of Chicago*, 361 F. Supp. 2d 740, 748 (N.D. Ill. 2005). Moreover, in *Lindke*, the Supreme Court cautioned that appearances alone are **not enough** to establish action under color of law. 601 U.S. at 198. The City does not directly dispute that Mattioli's conduct in response to Acevedo was objectively reasonable under the circumstances, <u>however</u> the Court should grant summary judgment and dismiss Plaintiff's § 1983 claims against Mattioli and the City specifically because the record as a whole contains no evidence upon which a reasonable jury could find that Mattioli acted under color state law.

3

Case 2:23-cv-00489-BHL   Filed 09/10/25   Page 3 of 6   Document 83

There can be no genuine dispute that Mattioli acted out of out of private concern, that he did not purport to act pursuant to official authority during the incident, and that all of the surrounding context suggests this incident arose from a personal dispute in the context of Mattioli and Acevedo's personal relationship. It is undisputed that Janowski assisted in restraining Acevedo and that Peters told the dispatcher that Acevedo was "attacking" the group (i.e., himself, Mattioli, and Janowski). (ECF No. 72, ¶ 62). Likewise, there is no dispute that Mattioli wore the same clothes during the incident that he wore the night before, *see* ECF No. 72, ¶ 25; that Mattioli told Acevedo to leave stating, "If you don't, I'm going to call the police," *see id.*, ¶ 38; that Mattioli expressly identified himself as "off duty" during the incident, *see id.*, ¶ 49; <u>and</u> that Mattioli did not give police commands during the incident; *see id.*, ¶ 56, or direct Janowski to assist him. *See id.*, ¶ 57. Furthermore, the record reflects that Mattioli had access to the tools of his public office, i.e. his firearm and handcuffs, which he did not contemplate using during the incident. *See* ECF No. 70, ¶ 66 (firearm); City's Resp. to Def. Mattioli's Proposed Findings of Fact, ¶ 77 (handcuffs). In short, the record as a whole contains no evidence upon which a jury could reasonably find that Mattioli intended to act pursuant to official authority during the incident or that he held himself out in word or deed as one acting with official authority.

The Seventh Circuit has taught that the "mere overlap between [the defendant's] routine job responsibilities" and the conduct complained of is insufficient to establish action under color of law. *DiDonato*, 24 F.4th at 1161. The Court should grant summary judgment in favor of the Defendants on Plaintiff's federal claims because "mere overlap" between Mattioli's job duties and his conduct during the incident is the only evidence Plaintiff has produced.

The City also has previously argued that the Court should grant summary judgment in its favor on its crossclaim for declaratory judgment that Mattioli did not act within his scope of

4

employment during the incident inside his house, *see* ECF Nos. 64 and 75, because an employee's conduct must be "at least partially actuated by a purpose to serve his employer." *Martin v. Milwaukee County*, 904 F.3d 544, 556 (7th Cir. 2018) (citation omitted). Mattioli has argued that even if the Court reaches the merits of Plaintiff's state law claims, those claims should be summarily dismissed based upon discretionary immunity under Wisconsin law.[2] *See* ECF No. 52 (Def. Michael Mattioli's Mem. in Supp. Summ. J.), 17-18.

Wisconsin law provides that "[n]o suit may be brought against … [public] officials, agents, or employees for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions." *See* Wis. Stat. § 893.80(4). It is long-established in Wisconsin courts that this statutory immunity applies to "discretionary" acts performed in the scope of employment. *Scarpaci v. Milwaukee County*, 292 N.W.2d 816 (1980). The City does not dispute that the manner in which an officer performs an arrest is a discretionary act under Wisconsin law, <u>nonetheless</u> the Court should find that Mattioli is not entitled to discretionary immunity related to this incident because he did not act within his scope of employment. *See* ECF No. 75 (City's Br. in Opp'n to Pl.'s Mot. for Partial Summ. J.), 20-26.

If the Court reaches the merits of the state-law claims it should grant summary judgment for Mattioli on Plaintiff's assault and battery claim because Plaintiff cannot overcome Mattioli's statutory privilege to act in self-defense. *See* ECF No. 52 (Def. Michael Mattioli's Mem. in Supp. Summ. J.), 18-20. *See also* Wis. Stat. § 939.48(1). Plaintiff's claim for intentional infliction of emotional distress is similarly deficient because the record contains no evidence that Mattioli *intended* to cause emotional distress. *See id.*, 20-21. *See also Rabideau v. City of Racine*, 627

---

[2] Mattioli has argued, in the alternative, that the Court should dismiss Plaintiff's state law claims because these claims may not be brought or maintained under state law. *See* ECF No. 52 (Def. Michael Mattioli's Mem. in Supp. Summ. J.), 15-16. Because the City agrees that Plaintiff's state law claims are fatally flawed as a matter of state law it will not address this argument. *See* ECF No. 64 (Br. in Supp. of Def. City of Milwaukee's Mot. for Summ. J.), 23-24.

N.W.2d 795, 803 (2001) ("The plaintiff must establish that the purpose of the conduct was to cause emotional distress. There is no question that [the defendant] intended to fire his weapon … [h]owever, there is no evidence to indicate he did so to cause emotional distress to [the plaintiff.] Certainly that was a by-product, but that is insufficient standing alone.")

## CONCLUSION

The Court should deny the Plaintiffs' motion for partial summary judgment and grant summary judgment for the Defendants on Plaintiff's federal claims and grant summary judgment for the City on its crossclaim for declaratory judgment that Mattioli did not act under color of law or within his scope of employment.

The Court need not reach the merits and may summarily dismiss Plaintiff's state law claims against Mattioli because they are not viable under Wisconsin law. If the Court were to reach the merits of these claims, they still must fail because Mattioli was privileged to act in self-defense and the record contains no evidence that he intended to cause emotional distress.

Dated and signed at Milwaukee, Wisconsin this 10th day of September, 2025.

EVAN GOYKE
City Attorney

/s/ Clint B. Muche
CLINT B. MUCHE
Assistant City Attorney
State Bar No. 1131629

*Attorneys for City of Milwaukee*

ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Telephone: (414) 286-2601
Fax: (414) 286-8550
Email: cmuche@milwaukee.gov

1032-2023-681/******